IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| Joey Lynn Clark, | ) | Case No. 8:12-cv-01898-RMG-JDA |
|---|---|---|
| Plaintiff, | ) ) ) | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| v. | ) ) | |
| Sheriff Steve Mueller; Major Robert E. Padgett, | ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on a motion for temporary injunction filed by Plaintiff. [Doc. 19.] Plaintiff, proceeding pro se, brought this action under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial proceedings in prisoner petitions for relief under 42 U.S.C. § 1983 and to submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff filed this action on July 11, 2012, complaining that Defendants housed him and his co-defendant in the same living area, which put Plaintiff's life at risk. [Doc. 1 § II.B.] Plaintiff alleges he wrote Defendant Major Robert E. Padgett ("Padgett") and others about a physical altercation between Plaintiff and his co-defendant. [*Id.* § II.G.1.] Plaintiff alleges that he and John Raymond Austin were separated due to the physical altercation, but Plaintiff was "told to deal with it" with respect to Micheal Stillwell. [*Id.* § II.G.2.]

Further, Plaintiff alleges that, by failing to reply to and record Plaintiff's grievances, Defendants failed to adhere to detention center policy and South Carolina Department of

Corrections policy and minimum standards, "thereby in effect neglecting the safe and orderly running of the Cherokee County Detention Center and placing the plaintiff's life in jeopardy of physical or emotional bodily harm." [*Id.* § IV.] Plaintiff also alleges Defendants neglected his medical needs by failing to ensure he received medical attention after he suffered bodily and mental harm after an altercation. [*Id.*] Moreover, Plaintiff complains Defendants failed to ensure his safety by allowing Plaintiff's enemies and/or co-defendants to be house or classified for housing within the same unit as Plaintiff, even after Plaintiff notified Padgett and others of threats to Plaintiff's safety. [*Id.*] Finally, Plaintiff alleges Defendants "committed reprisals on the plaintiff's attempts to rectify these situations."[1] [*Id.*]

On August 24, 2012, Plaintiff filed a motion for temporary injunction, requesting a temporary injunction because Defendants have failed to implement and adhere to a custody classification system that ensures enemies and co-defendants be separated in general housing facilities. [Doc. 19 at 1.] Plaintiff asks this Court to appoint a State Certified "Classification Officer" to supervise twenty-four hours a day, seven days a week, "all classifications for housing of any inmate to be further housed in the criminal detention of persons held in the County of Cherokee in the State Of South Carolina until such further notice of ruling of the court." [*Id.*] Plaintiff alleges he is in danger of losing his life or suffering grave bodily harm and asks this Court to restrain Defendants from any act of reprisal and/or retribution while Plaintiff is housed at Cherokee County Detention Center.

---

[1] As relief in the underlying action, Plaintiff seeks $500,000 in damages; reimbursement of legal fees; a full investigation of the Cherokee County Detention Center and Sheriff's Department by the South Carolina Department of Corrections; a summary or temporary injunction restraining Defendant from further reprisals upon Plaintiff; and a summary/temporary lien on "all county appropriated detention center funds until as such as all monetary claims of the plaintiff are resolved and/or decided by the court to ensure payment of any possible relief claim monetary award." [Doc. 1 § V.]

[*Id.* at 1–2.] If such injunction is violated, Plaintiff requests that he be "removed by Federal Marshalls [sic] of the United States of America to Federal Holding Facility within One Hundred (100) miles of the Seat of Government in Cherokee County, South Carolina." [*Id.* at 2.]

On September 4, 2012, Defendants filed a response in opposition to Plaintiff's motion for a temporary injunction. [Doc. 27.] Defendants contend,

> Upon information and belief, once officers of the Cherokee County Detention Center became aware of dispute(s) and/or altercation(s) between the plaintiff and the aforementioned individuals, one of them was moved to another housing unit. It is specifically and emphatically denied that the defendants were negligent and/or committed any act(s) and/or omission(s) which caused any irreparable harm to the plaintiff.
> That further, upon information and belief, it is denied that the plaintiff has made a sufficient showing as to any alleged damage(s) and/or injury so as to necessitate and/or warrant the drastic remedy requested in his motion. Further, upon information and belief, the plaintiff has sufficient and adequate remedies at law available, and it would not be appropriate for the court to interject itself into the operation of this local jail facility.

[*Id.* at 1–2.] Plaintiff's motion is now ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S.97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under

this less stringent standard, however, the pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law. Section 1983 provides, in relevant part,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [him] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* at 310 (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Requirements for a Preliminary Injunction**

Usually, a temporary restraining order or preliminary injunction "protect[s] the status quo . . . to prevent irreparable harm during the pendency of a lawsuit [and] ultimately to preserve the court's ability to render a meaningful judgment on the merits." *In re Microsoft Corp. Antitrust Litigation*, 333 F.3d 517, 525 (4th Cir. 2003). However, mandatory preliminary injunctions, which compel action, "do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980) (citing *Interstate Commerce Comm'n v. Baltimore & Annapolis R.R. Co.*, 64 F.R.D. 337 (D. Md. 1974)). Therefore, "a mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind." *Microsoft*, 333 F.3d at 526.

In any event, a preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Coucil, Inc.*, 555 U.S. 7, 23 (2008) (citing *Munaf v. Green*, 553 U.S. 674, 689–90 (2008)). To obtain a preliminary injunction, a plaintiff must show four elements:

1)      he is likely to succeed on the merits,

2)      he will suffer irreparable harm if the preliminary injunction is not granted,

3)      the balance of equities favors him, and

4)      the injunction is in the public interest.

*Id.* at 20; *see also Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 345–47 (4th Cir. 2009) (explaining how the *Winter* standard for preliminary injunctions is different from the standard previously applied in the Fourth Circuit), *judgment vacated and remanded*, 130 S. Ct. 2371 (2010), *in light of Citizens United v. Fed. Election Comm'n*, 130 S. Ct. 876 (2010). The plaintiff must establish all four elements to receive injunctive relief. *Winter*, 555 U.S. at 20.

Under *Winter*, the Supreme Court requires "that the plaintiff make a clear showing that [he] will likely succeed on the merits at trial." *Real Truth About Obama*, 575 F.3d at 346 (citing *Winter*, 555 U.S. at 20). Moreover, the party seeking the injunction must make a clear showing that it will likely suffer irreparable harm without an injunction. *Id.* at 347 (citing *Winter*, 555 U.S. at 20). Further, the Supreme Court in *Winter* emphasized the public interest requirement, requiring courts to pay "'particular regard for the public consequences in employing the extraordinary remedy of injunction.'" 555 U.S. at 24 (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).

## **DISCUSSION**

After a thorough review of Plaintiff's pleadings in this case, the Court has found no evidence to corroborate or support Plaintiff's claims of immediate danger. To the contrary, Plaintiff concedes that once officers of the Cherokee County Detention Center became aware of an altercation between Plaintiff and another inmate, Plaintiff and the other inmate were placed in different housing units. [*See* Doc. 1 ¶ II.G; *see also* Doc. 27 at 1 (stating Plaintiff was separated from individuals with whom he had a dispute and/or altercation).] Further, Plaintiff has failed to show (1) he will suffer irreparable harm if injunctive relief is

not granted, (2) he is likely to succeed on the merits of the underlying action, (3) the balance of the equities favors him, or (4) a temporary injunction is in the public interest.

At best, Plaintiff is improperly seeking to have the Court substitute Plaintiff's judgment for that of the prison officials and to give Plaintiff control over his classification and housing. The law of this circuit is clear: functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991). Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances, *Taylor v. Freeman*, 34 F.3d 266, 269–70 (4th Cir. 1994), where the irreparable harm the inmate faces is "'neither remote nor speculative, but actual and imminent,'" *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989)). Here, Plaintiff has failed to demonstrate such exceptional and compelling circumstances and has offered only his own conclusory allegations of potential harm to support his motion. Because the Court finds Plaintiff has failed to show any of the elements required for a preliminary injunction—much less all of the elements as required under *Winter*—his motion for injunctive relief should be denied.

## RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends Plaintiff's motion for temporary injunction be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

September 20, 2012
Greenville, South Carolina