IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joey Lynn Clark, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 8:12-1898-RMG |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Sheriff Steve Mueller; Major Robert E. ) | |
| Padgett, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, an inmate at the Cherokee County Detention Center in Gaffney, South Carolina, filed this *pro se* action seeking relief pursuant to 42 U.S.C. § 1983. (Dkt. No. 1). This matter was referred to the Magistrate Judge for pre-trial handling pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) DSC. Defendants filed a motion for summary judgment on October 22, 2012. (Dkt. No. 45). On October 23, 2012, the Magistrate Judge issued a *Roseboro* order advising Plaintiff of the significance of a summary judgment motion and the potential consequences if he failed to adequately respond to Defendants' motion. (Dkt. No. 46). Plaintiff then moved for an extension of time to respond to Defendants' motion for summary judgment (Dkt. No. 51), which the Magistrate Judge granted, setting a new deadline of December 21, 2012, for Plaintiff's response. (Dkt. No 53). Plaintiff failed to respond to the motion.

In light of Plaintiff's status as a *pro se* litigant, the Magistrate Judge issued an order on January 4, 2013, granting Plaintiff through January 24, 2013, to file his response to the motion for summary judgment. (Dkt. No. 56). Plaintiff was again advised that failing to respond would result in this action's dismissal for failure to prosecute. (*Id.*). After Plaintiff failed to respond by the new deadline, the Magistrate Judge issued a Report and Recommendation ("R&R") on

1

January 30, 2013, recommending that the case be dismissed pursuant to Federal Rule of Civil Procedure 41(b). (Dkt. No. 59). Plaintiff did not file timely objections to the R&R.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is required to make a *de novo* determination of those portions of the R&R to which specific objection is made, and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

## Discussion

The Magistrate Judge correctly notes that Plaintiff repeatedly failed to respond to Defendants' motion for summary judgment despite multiple warnings that continued failures to respond would result in dismissal. (Dkt. No. 59 at 2). The Magistrate Judge correctly concludes that courts have the authority to manage litigation before them, including the power to order dismissal of an action for failure to follow court orders, and that courts have the inherent power to dismiss cases with prejudice *sua sponte*. (*Id.*). In addition, this Court notes that "*pro se* litigants are not immune from any sanction by virtue of their status alone." *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1076 (E.D. Va. 1991).

## Conclusion

The Court finds that the Magistrate Judge applied sound legal principles to the facts of this case and therefore adopts the R&R as the order of the Court. (Dkt. No. 59). Accordingly, the Court DISMISSES Plaintiff's case with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**AND IT IS SO ORDERED.**

*/s/ Richard Mark Gergel*
Richard Mark Gergel
United States District Court Judge

February 26, 2013
Charleston, South Carolina